Richmond

## ZEBULON L. STRICKLAND, JR. v. ARNOLD S. DUNN

June 9, 1978

Record No. 770150

Present: All the Justices

*Leonard S. Rubenstein (John D. Grad; Hirschkop & Grad, P.C.,* on brief) for plaintiff in error.

*John K. Coleman (Norman F. Slenker; Slenker, Brant, Jennings & O'Neal,* on brief) for defendant in error.

COCHRAN, J., delivered the opinion of the Court.

The question in this medical malpractice case is whether the trial court erred in sustaining a plea of release and dismissing the action.

The appellant, Zebulon L. Strickland, Jr., plaintiff in the court below, filed, *pro se,* his amended motion for judgment against two physicians, Arnold S. Dunn, M.D., and Claude E. Cooper, M.D., and an attorney, John K. Bancroft, Esquire. Strickland alleged that he suffered an attack of diabetes on September 6, 1971, which resulted in his being taken by ambulance to Fairfax Hospital, where he requested that Dunn give him insulin. Dunn refused this request, declined to test Strickland for diabetes, and sent him to another hospital, which returned him to Fairfax Hospital. Dunn authorized Strickland's removal to jail, but because of his condition, he was again returned to Fairfax Hospital. Dunn then caused Strickland to be taken by ambulance and placed in a public street near the Fairfax Courthouse.

Strickland was the subject of a commitment hearing conducted on September 7, 1971, at which Bancroft, appointed to represent Strickland, allegedly failed in various ways to do so adequately. Dunn testified at the hearing, but not under oath, and failed to mention that Strickland suffered from diabetes. Cooper was alleged to have signed a commitment paper falsely stating that he had examined Strickland, and to have failed to "pass along an alert with respect" to his physical condition. Strickland was committed to Western State Hospital, where he was found to be suffering from diabetes, and, after treatment with insulin, he was released.

As a result of the alleged "wrongful actions of the defendants," Strickland stated in his amended motion for judgment that he suffered, unnecessarily, grievous physical pain and mental anguish, that his diabetic condition went untreated, that his health and life were subjected to unjustified risk, and that he was wrongfully committed to a mental institution, which commitment subjected

him to humiliation, embarrassment, loss of reputation, and severe mental anguish. Asserting that the actions of the defendants were willful and malicious, he sought a judgment against them "jointly and severally" for compensatory and punitive damages.

In 1973, Strickland filed a class action complaint under 42 United States Code § 1983 in the United States District Court for the Eastern District of Virginia against Cooper, certain Fairfax County judges, and two members of the Fairfax County Commonwealth's Attorney's staff. Neither Dunn nor Bancroft was named as a party defendant. The complaint alleged that the Virginia procedure for commitment of mentally ill persons was constitutionally defective. It also stated that Strickland had suffered a diabetes attack on September 6, 1971, and had been committed to Western State Hospital, but it did not mention Dunn nor did it allege that Cooper had any part in the commitment proceeding. However, the complaint stated that Strickland was committed to Western State Hospital again on November 17, 1971, after a commitment hearing at which Cooper falsely stated that he had examined Strickland. Alleging that he had been denied his constitutional rights, Strickland sought injunctive relief as well as compensatory and punitive damages.

By agreement dated July 17, 1974, Strickland, for the consideration of $15,000, released Cooper from any and all actions or claims "resulting or to result from involuntary admission & proceedings which occurred on or about September 7 & November 17, 1971." On November 1, 1974, the trial court, with the consent of all parties, dismissed Strickland's amended motion for judgment "only" as to Cooper. Bancroft subsequently filed a plea of release based upon the Cooper release and he also was dismissed as a party defendant. No appeal from this ruling of the trial court was sought.

Dunn, the sole remaining party defendant, filed a plea of release based upon the release of Cooper as a joint tortfeasor and, by final order entered October 4, 1976, the plea was sustained and the amended motion for judgment was dismissed with prejudice.

Release of one joint tortfeasor, as Strickland concedes, releases all the other joint tortfeasors. *Wright v. Orlowski*, 218 Va. 115, 120, 235 S.E.2d 349, 353 (1977). He contends, however, first, that Cooper and Dunn are not joint tortfeasors because they caused him to suffer separate injuries, Dunn by refusing to treat him on September 6, 1971, and Cooper by not examining him at the times

of the commitment hearings, and second, that it was for a jury, rather than the trial court, to determine whether Cooper and Dunn committed separate and distinct torts. This contention, while consistent with the principles approved by us in *Washington* v. *Williams*, 215 Va. 353, 357, 210 S.E.2d 154, 158 (1974), cannot be reconciled with the position taken by Strickland in his amended motion for judgment, in which he joined Dunn, Cooper, and Bancroft as defendants, and sought a judgment against all three jointly and severally. Although various independent wrongful acts were alleged to have been committed by each of the defendants, the thrust of the amended motion for judgment, which may explain the joining of the three parties defendant, is that their wrongful acts resulted in the commitment of Strickland to Western State Hospital. It appears that the primary injury complained of was the wrongful commitment, caused by the several acts of alleged negligence of the three defendants. Having joined Dunn and Cooper as joint tortfeasors in a single action, he cannot later take the inconsistent position that they committed separate and distinct torts. We do not permit a litigant to assume inconsistent and mutually contradictory positions. *McLaughlin* v. *Gholson*, 210 Va. 498, 501, 171 S.E.2d 816, 818 (1970) ; *Rohanna* v. *Vazzana*, 196 Va. 549, 553-54, 84 S.E.2d 440, 442 (1954); *Burch* v. *Grace Street Bldg. Corp.*, 168 Va. 329, 340, 191 S.E. 672, 677 (1937).

In the cases upon which Strickland relies, there was no question of the injured party taking inconsistent positions in a single, indivisible action. Thus, in *Washington*, the plaintiff, whose jaw and left knee were injured in an automobile accident, was hospitalized, and was given medical treatment. When she was subsequently given preoperative medication by injection, gangrene resulted which required amputation of her forearm. She filed a malpractice action against the attending physicians alleging that their negligence caused the loss of her arm. She subsequently filed a motion for judgment against the operator of the other vehicle for her injuries, including loss of her arm, sustained in the accident allegedly resulting from the operator's negligence. The plaintiff, after amending this motion for judgment against the operator to delete all allegations as to the loss of her arm and the negligence of the physicians, settled the claim and executed a release of all claims for injuries sustained in the accident.

Special pleas of release were then filed by the physicians in the malpractice action, and were upheld by the trial court. We reversed, holding, *inter alia,* that as a general rule it is for a jury to determine whether a physician's negligent acts caused a separate and distinct injury, which would not be released by release of the original tortfeasor, and whether the injured party has agreed to accept a certain amount as full satisfaction for a separate and distinct injury. We remanded the case to the trial court for a factual determination of the issues raised by the pleas of release.

■Strickland's counsel argues that the fact that Strickland filed his amended motion for judgment *pro se* justifies relaxation of our long-established rule proscribing litigants from taking inconsistent positions. We do not agree. It is true that in habeas corpus proceedings we do not expect or require high standards of legal draftsmanship of petitioners filing petitions *pro se*. But we require that any such petition, however inartfully or informally drafted, state a case for substantive relief. In the present case, regardless of the merits of Strickland's claim against Dunn, and the effort to reserve that claim in the release of Cooper, we cannot modify the prohibition against inconsistent positions by approving an exception applicable only to *pro se* pleadings. Accordingly, the judgment of the trial court sustaining the plea of release will be affirmed.

*Affirmed.*