Richmond

## WINSLOW, INC., ET AL.

v.

## WILLIAM M. SCAIFE, JR., ET AL.

April 20, 1979.

Record No. 770961.

Present: All the Justices.

*Daniel H. Borinsky (Robert J. Zelnick; Nagoette, Borinsky & Zelnick,* on brief), for plaintiffs in error.

*William R. Marshall, Jr. (Thompson, Savage, Smithers & Marshall,* on brief), for defendants in error.

PER CURIAM.

On July 12, 1976, the plaintiffs, Winslow, Inc., and Richard B. Colyer, partners trading as Tanglewood Lake, filed a motion for judgment against the defendants, William M. Scaife, Jr., and Gerald F. Dalton, attorneys at law of Fredericksburg. In the motion, the plaintiffs sought recovery of $97,316.06, which sum the plaintiffs alleged they had lost as a result of the defendants' breach of duty in closing a real estate transaction in September, 1973.

The defendants filed a plea of the statute of limitations. The issue on the plea was whether the case was governed, as the defendants contended, by the one-year limitation applicable to non-survivable causes of action for torts, contained in then current Code § 8-24,[1] or, as the plaintiffs argued, by the three-year limitation applicable to causes of action for contracts not in

---

[1] In pertinent part, Code § 8-24 provided:
"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued." (See the present provisions of Code § 8.01-248.)

writing, contained in then current Code § 8-13.[2] After hearing argument and receiving memoranda of the parties, the trial court ruled that the plaintiffs' cause of action was a non-survivable "one of tort rather than contract" and thus subject to the one-year limitation contained in Code § 8-24. Finding that the plaintiffs' action had been filed more than one year from the date of the alleged wrong, the court sustained the defendants' plea.

Because the case was decided below solely upon the allegations of the plaintiffs' motion for judgment, we look to those allegations to determine the nature of the plaintiffs' cause of action and, hence, the applicable statute of limitations. At the outset, it should be noted that the plaintiffs do not contend that they alleged a cause of action in contract arising out of an attorney-client relationship between them and the defendants. Instead, the plaintiffs contend that they alleged a cause of action in contract based upon the breach by the defendants of an escrow arrangement involving the plaintiffs, the defendants, and a third party.

The case made out by the motion for judgment and an incorporated exhibit was that, on July 10, 1973, the plaintiffs entered into a contract which had been prepared by, and was to be settled in the office of, the defendants. In the contract, the plaintiffs agreed to sell to Charles E. Minor Construction Company, Inc., certain land in Caroline County. According to the terms of the contract, the plaintiffs were to receive as part of the purchase price a note in the approximate amount of $106,470, to be secured by a deed of trust inferior only to two deeds of trust specified in the contract, upon which a balance of approximately $50,730 was due. Pursuant to the terms of the contract, in September, 1973, the plaintiffs delivered to the defendants as settlement attorneys and escrow agents a deed conveying the land to the Minor company, with the defendants authorized to deliver and record the deed if the terms of the contract were complied with.

Contrary to the terms of the contract and without authority of the plaintiffs, the defendants agreed to and did subordinate the plaintiffs' deed of trust to the lien of a deed of trust given by the

---

[2]In pertinent part, Code § 8-13 provided:

"Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have first accrued, that is to say:

". . . .

"If it be upon an award or upon a contract in writing . . . within five years; and

"If it be upon any other contract express or implied within three years . . . ." (See the present provisions of Code § 8.01-246.)

Minor company to secure a note in the sum of $230,000. Despite this non-compliance with the terms of the contract, the defendants delivered to the Minor company the deed to the land and recorded it among the land records.

A balance of $97,316.06 is due upon the plaintiffs' note, and it is in default. The Minor company has been adjudicated a bankrupt, and it has been discharged from liability upon both the plaintiffs' note and the $230,000 note. The effect of this discharge, combined with the defendants' unauthorized and improper subordination of the plaintiffs' deed of trust, is to render worthless the plaintiffs' deed of trust and note. But for the breach of duty owed them by the defendants, the plaintiffs would have been protected in the event of the Minor company's default.

■ We believe that these allegations clearly set forth the existence of an escrow arrangement involving the plaintiffs as grantors, the defendants as compensated depositories, and the Minor company as grantee. "When a deed is delivered to a person to be held until certain conditions are performed, and then to be delivered to the grantee or obligee, it is an escrow . . . ." *Humphreys* v. *Richmond & Mecklenburg R. R. Co.*, 88 Va. 431, 454, 13 S.E. 985, 993 (1891).

■ We believe further that, in an escrow arrangement, the parties occupy a principal-agent relationship, a relationship which is essentially contractual in nature. "The depository of an escrow is, in fact, the agent of both parties. As the agent of the grantor it is his business to withhold the deed until the condition is performed; as the agent of the grantee it is his business to hold it for him and to deliver it to him after the condition is performed." *Id.*

It follows, therefore, that the breach by a depository of the terms of an escrow arrangement gives rise to a cause of action contractual in nature. *See Hiss* v. *Friedberg*, 201 Va. 572, 576-77, 112 S.E.2d 871, 875 (1960); *Amen* v. *Merced County Title Company*, 58 Cal. 2d 528, 532, 375 P.2d 33, 35, 25 Cal. Rptr. 65, 67 (1962). It follows also that the plaintiffs here were entitled to the limitation they contended for, *viz.*, the three-year period applicable to causes of action for contracts not in writing, contained in Code § 8-13. Because the plaintiffs' motion for judgment was timely filed within this period, the trial court erred in sustaining the defendants' plea of the statute of limitations.

*Reversed and remanded.*