## CIRCUIT COURT OF ROCKBRIDGE COUNTY

Wilson H. Madden and
Elizabeth F. Madden

v.

Newcomer, Inc.

By JUDGE GEORGE E. HONTS, III

May 2, 1985

Counsel for the defendant has conceded that the plaintiff's demurrer to its cross-claim is well taken, and accordingly that demurrer is sustained.

The principal action in this proceeding lies in fraud. This real estate transaction was closed October 12, 1982, and plaintiff filed this action July 13, 1984. Interrogatories and discovery depositions have been filed and presented to the Court and reviewed by the Court. The defendant has moved for summary judgment.

Where any material fact remains in dispute, summary judgment is not appropriate. *Winslow v. Scaife*, 224 Va. 647 (1983).

Plaintiff has the burden to prove the damages claimed *and* to establish the cause from which they resulted; without that proof, a motion to strike (or summary judgment, see Rule 3:18) should be sustained. *Carr v. Citizens Bank and Trust Co.*, 228 Va. 644 (1985), and cases cited therein.

In a contract action, a seller must not direct a buyer's attention from making inquiry or inspections, and *where no diversion occurs*, bald statements of good condition made by seller are merely "sales talk." *Kuczmanski v. Gill*, 225 Va. 367 (1983).

Here, the plaintiff made five inspections of the

house and reserved the right to inspect up to 48 hours of the closing.

Without reciting all of the evidence on each point in the plaintiff's motion for judgment, which would be cumbersome at best, I will address the plaintiff's allegations count by court.

(A) *Appliances*: Maid for plaintiffs testified she removed broken glass and forks from dishwasher during the time she worked for plaintiffs at the house; the dishwasher acted up the third or fourth time it was used (use was not constant) and was repaired in September, 1984; the icemaker water line was clogged and unclogged in October, 1983, and that line also leaked in 1983 according to plumber who repaired it; the upper oven on the stove was repaired in 1984; the other items alleged were open and obvious. The when and why of these malfunctions is not readily apparent. See *Lawrence v. Snyder*, 229 Va. 139 (1985).

(B) *Heating System*: Controls on radiators in the heating system were available for inspection as to their operation and no diversion is suggested to prevent plaintiff from having the heating system inspected.

(C) *Insulation*: A missing storm window is open and obvious; insulation within walls and under floors, however, is not open and obvious. Plaintiff claims defendant represented the house was "fully insulated" without defining that term. The workman who insulated the house testified the insulation was done to standard when it was done in 1971, but standards have been upgraded since that time. There is no other evidence to show defendant fraudulently misrepresented the insulation in the house.

(D) *Water in Basement*: Evidence of this condition was viewed by plaintiff on his first inspection, and no problem was experienced until February, 1983, during a wet season at which time it was found that tree roots had clogged the underground drainpipe. The result of this situation was open and obvious, and plaintiff was not diverted from further inquiry.

(E) *Fireplace*: The contract is silent on the fireplace screen and the condition of the fireplace could have been discovered upon inspection.

(F) *Pest Inspection*: The contract is silent on pest inspection. Even if defendant made the misrepresentation alleged, no damages flow directly therefrom, since there

is no evidence adduced of pest damage. The fact treatment was subsequently ordered by plaintiff is not a consequential damage that would have come within the contemplation of both parties at the time of execution of the contract and therefore are not recoverable. *Morris v. Mosby*, 227 Va. 517 (1984).

(G) *Subdivision Ordinance*: Any matters of controversy in this regard merged into and obviated by acceptance of the deed of bargain and sale.

(H) *Windows*: The condition was open and obvious and available for further inspection.

(I) *Drain Lines*: There is no evidence of any problems with sewer lines on or before October 12, 1982; a plumber testified to a problem of unknown origin in November, 1982; the maid testified the downstairs "john" worked; three roots were in the lines in September, 1983, and October, 1984. *Carr* cited above controls, and see *Lawrence v. Snyder*, 229 Va. 139 (1985).

(J) *Dirt*: Again plaintiff inspected on five occasions and reserved the right to inspect up to 48 hours of closing. Dirty carpets and a dirty attic are open and obvious conditions. Attention is also drawn to paragraph 8 of the real estate sales contract which reads in part: "Purchasers agree to accept the property in its present condition. . . ."

(K) *Roof*: The condition of the roof was open to inspection. Plaintiff testified he observed plaster peeling from a room upon his initial inspection, but was not diverted and did not pursue the matter further as to the cause thereof. The roof was in "bad shape" in 1985, but no evidence is tendered as to its condition in 1982.

(L) *Heating Bill*: Defendant made a representation without documentation and stated, according to the pleadings of plaintiff, the bill might go higher. Inquiry at the utility company offices could have revealed a more concise estimate. Defendant, according to the pleadings, indicated there was a "new increase" in rates which certainly is not indicative of concealment.

(M) *Personal Property*: The contract is silent as to the mailbox, two slabs of unattached marble, in a shed, one-half cord of firewood and carpet in an entry room in the rear of the house.

(N) *Drapes*: The drapes in the house are clearly

covered in the contract, and by the terms thereof Seller could (and did) remove them.

For the reasons cited above, and under the rulings in *Carr, Kuczmanski* and *Lawrence*, summary judgment is granted for the defendant.

*Punitive Damages*: Plaintiff has prayed for punitive damages. To be awarded punitive damages, plaintiff must show by clear and convincing evidence that the defendant was motivated by ill-will, malevolence, grudge, spite, wicked intention or conscious disregard of the rights of another. *Peacock Buick v. Durkin*, 221 Va. 1133 (1981).

Such damages are not available purely *ex contractu*; there must be an independent, willful tort alleged and proved, and even when such a tort is alleged (except in libel or slander) there must be an award of compensatory damages before punitive damages can be awarded. *Gasque v. Mooers Motor Car Co.*, 227 Va. 154 (1984).

Since summary judgment is granted the defendant on compensatory damages, punitive damages do not lie.

### October 3, 1985

On 2 May 1985 this court issued [an] opinion letter granting summary judgment in this action. Upon representations of Col. Plott that he had *not* consented to the use of discovery depositions for that purpose, even though counsel for the defendant and I had understood otherwise, that opinion was subsequently withdrawn. At the same time, discovery was extended upon the court's understanding that Col. Plott represented there was additional evidence he intended to present at trial.

On 17 July 1985 the defendant filed additional interrogatories and a request for admissions. The thrust of the request for admissions called for the plaintiffs to admit or deny that the depositions contained the correct and substantially all the evidence the plaintiffs would tender. Requests for admissions must be answered within 21 days except by leave of court or the matters therein are admitted. As of the hearing on motions in this action on 1 October 1985, the request had not been responded to and the court had granted no extensions to allow a late answer. While an answer was tendered on 2 October 1985, after mature consideration, I find the tender comes too late and will not be allowed. *See* Rules 4:11 and 1:9.

The plaintiffs have not formally replied to the additional interrogatories. At the hearing on 1 October 1985 in response first to questions by counsel for the defendant and secondly by the court, Col. Plott, as counsel for the plaintiff, very clearly adopted the evidence in the discovery depositions as the answer to the additional interrogatories. Upon those representations, this action is in a posture which permits summary judgment under rule 3:18 if such judgment is warranted.

The only change in posture in this case between 2 May 1985 and now is the fact the defendant now moves for summary judgment on interrogatories and admissions rather than upon discovery depositions. (One additional deposition was taken over Mr. Natkin's objection as to the time of taking. The defendant moved to quash that deposition, and plaintiffs' counsel, not objecting to that motion, the deposition was quashed.)

In late April and early May, the court spent the better part of the equivalent of two days reading the depositions and relevant case law. I concluded at that time, based upon the assumption the depositions could be used, that the motion for summary judgment was well founded. Having now reviewed the interrogatories and the admissions of counsel and the request for admissions, I again find that the motion for summary judgment is well founded.

I therefore re-issue the letter opinion of 2 May 1985 and, based upon the interrogatories and request for admissions, grant summary judgment to the defendant.