## CIRCUIT COURT OF THE CITY OF ROANOKE

Virginia S. McGrath et al.

v.

William A. Cook, Jr., et al.

September 10, 1987

Case No. CL85-0477

By JUDGE CLIFFORD R. WECKSTEIN

A hearing was held in this matter on August 13, 1987, at which the defendants filed a memorandum in support of a special plea of the statute of limitations. On August 28, 1987, the Clerk received and filed the plaintiffs' memorandum in opposition. The defendants have objected to the filing of this memorandum as not timely. This objection is overruled, and the plaintiffs' memorandum is filed by leave of Court. On September 8, 1987, I received and filed the defendants' reply brief. The matter is now ripe for decision on the special plea.

Plaintiffs are the executrices of the Estate of Phala R. Showalter, deceased. Defendants are a certified public accountant and his accounting firm. Plaintiffs retained defendants to provide services to the Estate, including the preparation and filing of tax returns. The amended motion for judgment contends that the defendants prepared returns improperly, "which resulted in the Estate having tax liability that it otherwise would not have incurred" (Paragraph 7).

Defendants assert that the plaintiffs' claim, whatever its merits, is barred by the statute of limitations. I

agree, and therefore sustain the defendants' plea of the statute of limitations.

This is a cause of action based upon the alleged breach of an oral contract for the competent performance of professional services. The three-year statute of limitations of Code § 8.01-246(4) applies. *Olyear v. Kerr, Trustee*, 217 Va. 88, 90, 225 S.E.2d 398 (1976); *Winslow v. Scaife*, 219 Va. 997, 1000, 254 S.E.2d 58 (1979).

The parties have stipulated that "the last act performed in a professional capacity" by defendants for the Estate "occurred prior to November 15, 1981." Suit was filed on July 15, 1985. The act of alleged negligence, the alleged improper preparation of one or more returns, occurred more than three years before the action was commenced. According to the amended motion for judgment, damages were suffered by plaintiffs as a result of the negligent preparation of returns. Under Virginia law, the cause of action accrued when the "breach of contract or duty occur[red]," Code § 8.01-230, *i.e.*, when the returns were negligently prepared. Suit had to be commenced within three years from the date upon which the cause of action accrued. Suit was not commenced within that period, no continuing professional relationship concerning the matter existed, *see Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979), and the claim is therefore time-barred. *Keller v. Denny*, 232 Va. 512, 516-19, 352 S.E.2d 327 (1987), and authorities there cited.

Plaintiffs base their response to the statute of limitations plea on the fact that § 6501 of the Internal Revenue Code would have allowed three years from the filing of the negligently-prepared returns within which to file amended returns, correcting the original error. Defendants, it is argued, had a professional duty to their clients to prepare returns for filing within the period allowed by federal law. Hence, plaintiffs argue, the statute of limitations did not begin to run until the three-year amended-return period has elapsed. In a memorandum of law, plaintiffs argue that "their damage was not fixed until the returns were no longer amendable" (at 2).

This is an ingenious argument. It is, as plaintiffs concede, an argument not addressed in any case discovered by counsel. However, the act of negligence complained

of, the act from which some damages assertedly flowed, the act which breached the contract for professional services, was the mispreparation of the original return. An amended return would, perhaps, have substantially mitigated damages, as plaintiffs in effect assert in Paragraph 8 of their amended motion for judgment. The fact that "actual or substantial damages" might not have occurred until the amendment deadline passed would not postpone the running of the statute as long as even slight injury was caused by the negligent preparation, as plaintiffs allege it was. *Caudill v. Wise Rambler*, 210 Va. 11, 14-15, 168 S.E.2d 257, 260 (1969).

Furthermore, in answers to interrogatories, plaintiffs assert that defendants should have amended the returns in the Spring of 1981 (Response to Interrogatory No. 1). To the extent that a separate breach of contract might have occurred, (which I do not believe to be the case) it would have occurred when the duty to amend arose, and was breached, Code § 8.01-230, more than three years before the action was commenced. Thus, the statute of limitations would still bar the plaintiffs' claim for relief.

The Court's decision, sustaining the plea of the statute of limitations, moots the defendants' demurrer to the amended motion for judgment.