## CIRCUIT COURT OF FAIRFAX COUNTY

87 Aidant
Limited Partnership

v.

Aidant, Inc.

January 4, 1995

Case No. (Chancery) 135390

BY JUDGE THOMAS A. FORTKORT

This letter is in response to a Motion to Reconsider the Court's ruling sustaining the plea in bar advanced by the defendants and argued on December 14, 1994.

The Court denies the motion, and in so doing will briefly respond to the points urged by plaintiffs in support of their motion.

First, as to the Court's supposed misconstrual of the Note, the Court points out that it does not take a position as to whether the Note was a demand note, a time note, or a contract and not a note at all. The Court merely holds the plaintiff to be bound by its previous position in the nonsuited action that this is a note and not a contract. Having sued before on the basis that the note was in default, the plaintiff is estopped from arguing now that there was no note, only a contract.

See *Berry v. Klinger*, 225 Va. 201, 207 (1983): "a litigant will not be permitted to assume, successively, inconsistent and mutually contradictory positions." See also *Winslow v. Scaife*, 224 Va. 647, 653 (1983). Moreover, in paragraph 8 of the present bill of complaint, the plaintiff himself refers to "demand for payment under the note."

As to the settlement agreement, plaintiff argues that it is non-mandatory in the sense that the amounts are to be paid conditioned upon the generation of sufficient profits. The Court does not agree that this is the case. The agreement states in paragraph 3 that payments are to be made "from Contract profit *or from any other source*" (emphasis added). Nonetheless, the agreement contemplates a mutual release of obligations upon full pay-

ment to Cardinal (paragraph 5). As long as payments are being made according to the terms of the agreement (which neither party denies is the case) then those terms, which seek to "settle all disputes, claims, and potential claims" are frustrated by this action. This Court, sitting in equity, will not deny effect to a valid contract by entertaining this action.

Finally, the plaintiff maintains that this Court should decide the question of the termination of the limited partnership. The Court declines to do so, since the Court's jurisdiction does not extend to rehearing issues previously decided by the United States District Court. That court recognized the dissolution of the partnership, which occurred on December 31, 1991, and the filing of the Certificate of Cancellation by the general partner was merely a last necessary notification. The Certificate of Cancellation was filed December 9, 1993. Aidant 87 Limited Partnership ceased to exist before the filing of this suit, and therefore the plaintiff lacks standing.

For these reasons, the Motion to Reconsider is denied, and the ruling of this Court on December 14, 1994, is reaffirmed.