COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


LIDA SAEEDIAN

v.   Record No. 0476-00-4

RICHARD M. MILLMAN                        MEMORANDUM OPINION*
                                             PER CURIAM
LIDA SAEEDIAN                             AUGUST 15, 2000

v.   Record No. 0722-00-4

RICHARD M. MILLMAN


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Henry E. Hudson, Judge

              (Jahangir Ghobadi; Jahangir Ghobadi, P.C., on
              briefs), for appellant.

              (Lauren E. Shea; Sherman, Meehan, Curtin &
              Ain, P.C., on briefs), for appellee.


        In Record No. 0476-00-4, Lida Saeedian (wife) appeals the

decision of the circuit court granting a final decree of divorce

to Richard M. Millman (husband).  Specifically, wife contends

that the trial court erred by (1) overruling her objections to

the incorporation of the parties' Property Settlement Agreement

(agreement) into the final decree on the grounds of

non-disclosure, misrepresentation and fraud; (2) denying her

motion to suspend and set aside the final decree; and (3)

────────────────
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

awarding husband $1,000 in attorney's fees as a sanction against wife. In Record No. 0722-00-4, wife contends that the trial court erred by (1) denying her petition for a rule to show cause seeking to enforce paragraph "a" of the parties' agreement; (2) modifying the final decree and the parties' agreement by placing $150,000 in an interest-bearing account established by the trial court without releasing the funds to wife; (3) modifying the final decree and the parties' agreement by ordering husband to pay certain payments to the account rather than directly to wife; and (4) abusing its discretionary authority by certain actions. Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . ." <u>Lutes v. Alexander</u>, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

> "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the

-

> basis of our supposition that one set of
> facts is more probable than another.

Id. (citations omitted).[1]

### Background

The parties were married in 1992 and separated in June 1998 when wife moved out of the marital home with her children from a previous marriage.  The evidence proved that husband helped wife obtain custody of her children.  Wife moved out of the marital bedroom in 1993.  Husband provided the majority of the financial support for wife and the children throughout the marriage until the time of the separation.

Wife's first amended bill of complaint alleged constructive desertion by husband as of 1998.  Subsequently, the bill of complaint was amended to allege no-fault grounds, which the commissioner in chancery found supported by the evidence.

The parties engaged in extensive discovery prior to the execution of the agreement.

### Record No. 0476-00-4

Wife contends that the trial court erred by overruling her objections to entry of the final decree of divorce and the incorporated, but not merged, settlement agreement signed by the parties on November 16, 1999.  For similar reasons, wife

---

[1] The transcript of the hearing held on January 21, 2000 was not timely filed and thus is not part of the record on appeal. See Rule 5A:8(a).  Therefore, we do not consider it.

-

contends that the trial court erred by denying her motion to set aside the final decree of divorce.  We find no error.

Wife alleged that husband committed intrinsic and extrinsic fraud in procuring the agreement.  In her motion to set aside the final decree, she contended that, through non-disclosure, misrepresentation, and fraud, husband induced wife to sign the agreement.  Wife alleged that husband failed to disclose his receipt of between seven and nine million dollars shortly after the agreement was signed.  In his response to wife's motion, husband argued that he had fully disclosed all information to wife prior to the time the agreement was executed.

At the December 17, 1999 hearing, wife's new counsel admitted that he was relying on information told to him and that he was "in no position at this state . . . to get the chance to verify this fact."  Because the case had been vigorously litigated for eighteen months, the trial court ruled that it would enter the final decree of divorce, but noted that wife's new counsel had twenty-one days to seek to set aside the decree.  The trial court also warned counsel that it would award sanctions if wife's allegations were found to be unsubstantiated.

Subsequently, on January 21, 2000, the trial court conducted an _ore_ _tenus_ hearing on wife's motion to set aside the final decree.  Following the hearing, the trial court ruled that, assuming _arguendo_ there was merit in wife's underlying

-

allegations, the company stock on which wife's claim was based was husband's separate property and, therefore, was not available for equitable distribution. The court also found that any post-agreement payment received by husband was too speculative to be the basis of a spousal support award.

"'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed.'" Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (citation omitted). The party alleging fraud "has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.' The fraud must be proved by clear and convincing evidence." Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (quoting Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)).

In the record before us, the trial court did not determine whether there was evidence of misrepresentation or nondisclosure because it found that wife's allegations, even if supported by evidence, were not material, as they would affect neither equitable distribution nor spousal support. The record demonstrates that the parties engaged in extensive and substantial disclosure concerning husband's business interests,

-

including his involvement in Trans World Communications (TWC),
and that husband disclosed to wife pertinent information as late
as one month before the agreement was signed. Cf. Webb v. Webb,
16 Va. App. 486, 431 S.E.2d 55 (1993) (setting aside property
settlement agreement due to constructive fraud where husband, an
attorney, drafted the agreement, discouraged wife from obtaining
independent legal advice, and failed to disclose his pension).
In answers in early November 1999 to supplemental
interrogatories, wife indicated that she was aware of the
pending liquidation of Leap Wireless International, noting that
"[t]hey expect to liquidate Transworld assets. Number between
$10-$20 million are mentioned." Moreover, wife's claim of
nondisclosure and misrepresentation rests mainly on transactions
that occurred after the parties executed their agreement. While
wife purports to show misrepresentations and nondisclosure by
husband prior to the time the agreement was executed, there is
nothing to which she refers that is demonstrably a knowingly
false representation by husband of a material fact. Thus, the
evidence falls short of the clear and convincing standard
necessary to prove fraud. Therefore, we find no error in the
trial court's decision to overrule wife's objections to the
final decree of divorce and to deny her motion to set aside the
decree.

Wife also appeals the decision of the trial court to award
husband $1,000 in attorney's fees. The order dated January 21,

-

2000 states that the fees are awarded "for the reasons stated in open court." The transcript of the January 21, 2000 hearing, however, was not timely filed and is not part of the record on appeal. It is clear from the record, however, including the transcript of the December 17, 1999 hearing, that the trial court cautioned wife that sanctions would be awarded if it found no merit to wife's motion.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). "In determining whether an award of attorney's fees is appropriate, the focus should be on the parties' bona fide claims and not on the parties' ability to predict in advance of trial the exact ruling of the court." Richardson v. Richardson, 30 Va. App. 341, 352, 516 S.E.2d 726, 731 (1999). We find no abuse of discretion in the trial court's decision to award husband $1,000 in attorney's fees.

## Record No. 0722-00-4

In this appeal, wife contends that the trial court erred by ordering payment of the amounts due under the parties' agreement to an interest-bearing account established by the court. The trial court's order of March 6, 2000 provided, in pertinent part:

-

> ADJUDGED, ORDERED and DECREED that the funds deposited by [husband] into the interest-bearing account established by this Court shall be released to [wife] if she does not prevail on her appeal(s), or any other avenues to attack, direct or collateral, relating to the Final Decree of Divorce entered on December 22, 1999, the Order dated January 20, 2000, the Order dated January 21, 2000, or any part thereof, and does not succeed in otherwise altering or setting aside said Final Decree of Divorce, the Order dated January 20, 2000, the Order dated January 21, 2000 or the parties' Agreement dated November 16, 1999, or any part thereof, and shall be released to [husband] if said Decree or Orders are vacated or set aside . . . .

We find no merit in wife's challenges to the action of the trial court in safeguarding the amounts due under the agreement that wife was seeking to set aside. She was advancing contradictory positions, seeking the benefits of the contract while simultaneously alleging that the contract was unenforceable due to fraud. "It is well established in Virginia that a litigant will be precluded from taking inconsistent and mutually contradictory positions." Dickson v. Dickson, 23 Va. App. 73, 80, 474 S.E.2d 165, 168 (1996) (citing Winslow, Inc. v. Scaife, 224 Va. 647, 653, 299 S.E.2d 354, 358 (1983), and Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983)).

We also find no merit in wife's contention that the trial court's actions impermissibly modified the provisions of the contract. The trial court's order addressed the enforcement of the agreement and was an appropriate means of protecting the

-

rights of both parties.  That order in no way diminished the amount to which wife was entitled under the agreement, if she was unsuccessful in her attempts to set the agreement aside.

Finally, we find no merit in wife's five alleged instances of abuse of discretion by the trial court.  Contrary to wife's characterization, the trial court did not deny wife enforcement of the final decree in violation of Code § 20-109.1.  The trial court's order protected wife's rights under the agreement, despite her inconsistent positions of seeking enforcement of the agreement that she also sought to set aside.

There is no evidence to support wife's claim that the trial court infringed on wife's right to appeal.  On the contrary, the trial court expressed its recognition of her rights.

While wife claims that she was denied access to her property, the funds to which she asserted a claim were hers only pursuant to the terms of the contract which she sought to repudiate.

The trial court did not err by refusing to find husband in contempt.  The record proves that husband made the spousal support payments required under the agreement, including the $5,000 payment towards wife's attorney's fees.  In contrast, wife gave abundant notice that she repudiated the contract.  It was not bad faith on the part of husband to withhold full performance of his unilateral obligations under the agreement in light of wife's challenges.  It was clearly not an abuse of

-

discretion on the part of the trial court to ensure both parties would be safeguarded in the event the agreement was upheld on appeal.

We also find no abuse of discretion in the trial court's denial of attorney's fees to wife. At the last possible moment, wife sought to set aside an agreement reached following extensive negotiations and litigation, alleging unsubstantiated claims of fraud. Based upon the questionable good faith merit of wife's claims, we find no error in the trial court's denial of attorney's fees. See Richardson, 30 Va. App. at 352, 516 S.E.2d at 731.

## Appellate Attorney's Fees

Upon husband's motions, we hold that he is entitled to attorney's fees for these appeals. Accordingly, we remand these cases to the trial court solely to award reasonable attorney's fees in favor of husband for these appeals.

For these reasons, we summarily affirm the decisions of the circuit court and remand for the limited purpose of awarding attorney's fees.

Affirmed and remanded.

-