**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6615**

BRANDON JAMES CLARK, a/k/a Brandon James Chambers,

         Petitioner – Appellant,

     v.

HAROLD CLARKE, Director,

         Respondent – Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, District Judge.  (7:14-cv-00042-MFU-RSB)

Submitted:  January 14, 2016         Decided:  May 11, 2016

Before KING, GREGORY, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Christopher R. Ford, MAYER BROWN LLP, Washington, D.C., for Appellant.  Mark R. Herring, Attorney General of Virginia, Leah A. Darron, Senior Assistant Attorney General, Elizabeth C. Kiernan, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In May 2007, Brandon James Clark entered Alford pleas in a Virginia state court to multiple charges arising from his alleged participation in a gang-related shooting. See North Carolina v. Alford, 400 U.S. 25 (1970) (recognizing that defendant may plead guilty while maintaining innocence). Nearly seven years later, following subsequent state proceedings, Clark filed a pro se petition under 28 U.S.C. § 2254 in the Western District of Virginia. The § 2254 petition asserted a single, Sixth Amendment claim: that trial counsel rendered ineffective assistance by advising and permitting Clark to enter the Alford pleas even though the lawyer believed, based on a mass of exculpatory evidence, that Clark was not guilty of the offenses charged. In support of the petition, Clark proffered post-conviction affidavits and letters in which eyewitnesses, including one of the two victims, averred that Clark was not a perpetrator of the shooting. Clark acknowledged that he had not raised his ineffective assistance claim in any Virginia court, but contended that — under Schlup v. Delo, 513 U.S. 298 (1995), and McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) — his actual innocence excuses both the procedural default and any expiration of the statute of limitations.

Ten days after Clark filed his § 2254 petition, the district court summarily dismissed the petition for failure to

2

exhaust state remedies and concomitantly denied Clark a certificate of appealability (a "COA"). See Clark v. Clarke, No. 7:14-cv-00042 (W.D. Va. Feb. 10, 2014), ECF No. 2 (the "Dismissal Opinion"). Clark then sought reconsideration of the dismissal, invoking authority for the proposition that his ineffective assistance claim must be treated as simultaneously exhausted and procedurally barred from federal review. He further contended, with citation to Schlup and other binding precedent, that the court must address the issue of whether sufficient new evidence of actual innocence excuses the procedural default. Unpersuaded, however, the court denied Clark's motion to reconsider. See Clark v. Clarke, No. 7:14-cv-00042 (W.D. Va. Apr. 10, 2014), ECF No. 7 (the "Reconsideration Order").

Following initial informal briefing in this Court, we appointed counsel to represent Clark and granted him a COA as to the following issues:

> (1) Whether the district court erred in dismissing Clark's § 2254 petition on the ground that the claim of ineffective assistance of counsel raised therein is unexhausted; (2) whether the district court should have deemed the ineffective assistance claim simultaneously exhausted and procedurally defaulted; and (3) whether the district court should have considered Clark's argument that his actual innocence of the crimes of conviction excuses the procedural default of the ineffective assistance claim, as well as the untimeliness of the § 2254 petition.

3

As explained below, we now answer each of those questions in the affirmative and thus vacate the district court's judgment and remand for further proceedings. We have dispensed with oral argument because the facts and legal contentions are fully presented in the materials before us, including the parties' formal briefs and Clark's earlier pro se submissions.

I.

As a result of his Alford pleas, Clark was convicted in the Circuit Court of the City of Waynesboro on the following felony charges: two counts of aggravated malicious wounding; two counts of use of a firearm while committing a felony; one count of burglary with a weapon; and one count of street gang participation involving a juvenile. See Clark v. Commonwealth, No. 1727-07-3, 2008 WL 2019561, at *1 & n.2 (Va. Ct. App. May 13, 2008). In support of those pleas, the prosecution had proffered a confession made by Clark. See id. at *1 n.4. Nevertheless, "Clark introduced evidence at sentencing to deny or minimize his involvement in the crimes." See id. That strategy was fruitless: Although the state sentencing guidelines recommended a range of ten years and five months to twenty-three years and two months, the trial court sentenced Clark to forty-three years in prison. See id. at *1 & n.3. On direct appeal, the Court of Appeals of Virginia affirmed,

concluding that "the trial court did not abuse its discretion by imposing the sentence that it did." See id. at *1. Thereafter, Clark's appeal of his sentence to the Supreme Court of Virginia was refused. Clark also unsuccessfully sought state habeas relief in the Circuit Court of the City of Waynesboro, without raising the ineffective assistance claim or the actual innocence issue presented in his § 2254 petition. He did not appeal the denial of habeas relief to the state supreme court.

According to the § 2254 petition, which Clark filed in the Western District of Virginia on January 31, 2014, his trial counsel convinced him to enter the Alford pleas on the theory that "a jury would find him 'guilty by association,' not on the strength of the evidence but solely because he was an admitted gang member." See J.A. 19.[1] The petition acknowledged Clark's confession, but explained that Clark had fabricated that story to protect younger codefendants and create a self-defense theory. Before Clark entered his Alford pleas, the confession was known to be contradicted by physical evidence and eyewitnesses, and it was retracted by Clark in further statements to police. Nevertheless, trial counsel advised and allowed Clark to plead guilty, and then waited until sentencing

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

to show that the confession "was inherently incredible and uncorroborated by other evidence." See id. The petition asserted, inter alia, that trial counsel's "actions following the guilty plea prove that he gave terrible legal advice to his client and failed to protect his right to a trial on the charged offenses, to his client's prejudice because it ended up costing him practically the rest of his life behind bars." Id.

In addition to addressing the merits of Clark's ineffective assistance claim, the § 2254 petition explained that the claim is time-barred in state court, see J.A. 4 (citing Va. Code § 8.01-654(A)(2)), and that Clark is ineligible for a state writ of actual innocence because he pleaded guilty, see id. (citing Va. Code § 19.2-327.10). The petition also recognized that, "[g]enerally, a federal court may only grant habeas relief for exhausted claims — that is those claims that have been presented in state court before raising them in federal court." Id. at 24 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

Thus, the § 2254 petition invoked the Supreme Court's 1995 decision in Schlup v. Delo for the proposition that Clark's actual innocence excuses the procedural default. See J.A. 24 (observing that, to use actual innocence to overcome a procedural bar to federal habeas review, a petitioner must demonstrate that "'it is more likely than not that no reasonable juror would have convicted him in the light of the new

6

evidence'" (quoting Schlup, 513 U.S. at 327)).  Moreover, the petition pointed out that "'a § 2254 petitioner is entitled to have a Schlup actual innocence issue addressed and disposed of in the district court.'"  See id. at 24 n.6 (alteration omitted) (quoting Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009)). The petition also invoked the Supreme Court's recent pronouncement in McQuiggin v. Perkins that "'actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations.'"  See id. at 25 (quoting McQuiggin, 133 S. Ct. at 1928).  As new evidence of Clark's actual innocence, the petition included affidavits executed in 2011 and 2013, plus various letters.  The affidavit of shooting victim James O'Brien, for example, averred that "Mr. Clark is currently serving 43 years for a crime he did not commit[]." See id. at 32.

By its Dismissal Opinion and an accompanying Order of February 10, 2014, the district court summarily dismissed Clark's § 2254 petition for failure to exhaust state remedies, that is, for not presenting his ineffective assistance claim to Virginia's highest court.  See Dismissal Opinion 2 ("Whichever route is taken, the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the

7

claims."). In so doing, the district court relied on Rule 4 of the Rules Governing Section 2254 Cases, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition" without "order[ing] the respondent to file an answer, motion or other response." The district court deemed the dismissal to be without prejudice, and noted that Clark may refile his § 2254 petition after unsuccessfully pursuing the ineffective assistance claim in the state supreme court. Additionally, the district court denied Clark a COA. See 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a [§ 2254] proceeding . . . .").

On February 19, 2014, Clark filed his motion to reconsider, contending that under Sparrow v. Director, Department of Corrections, 439 F. Supp. 2d 584 (E.D. Va. 2006), his ineffective assistance claim must be treated as exhausted because Virginia's statute of limitations, as well as its bar on successive habeas petitions, see Va. Code § 8.01-654(B)(2), render a state remedy unavailable to him. As Clark explained, Sparrow recognized that "'[a] claim that has not been presented to the highest state court nevertheless may be treated as

8

exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.'" See J.A. 47 (quoting Sparrow, 439 F. Supp. 2d at 587). Indeed, Clark indicated that Sparrow relied on precedent of this Court and the Supreme Court. See id. Clark urged the district court to follow Sparrow and treat his ineffective assistance claim as "'simultaneously exhausted and procedurally barred from federal habeas review.'" See id. at 48 (quoting Sparrow, 439 F. Supp. 2d at 588). Then, Clark contended that the court must decide whether, pursuant to Schlup, he can make a sufficient showing of actual innocence to excuse the procedural default. See id. at 49 (again quoting Wolfe, 565 F.3d at 164, for the proposition that "'a § 2254 petitioner is entitled to have a Schlup actual innocence issue addressed and disposed of in the district court'" (alteration omitted)).

By its Reconsideration Order of April 10, 2014, the district court denied Clark's motion to reconsider. The court confronted Sparrow and determined that Clark cannot rely on that decision, because the Sparrow petitioner "had filed a habeas petition with the Supreme Court of Virginia but presented new, unexhausted claims in the federal habeas petition." See Reconsideration Order 1. It was pivotal to the district court that, "[i]n contrast, Clark has never presented a habeas claim

9

to the Supreme Court of Virginia." See id. Those circumstances, the district court concluded, obliged it to stand by its dismissal of Clark's § 2254 petition for failure to exhaust state remedies.

Still proceeding pro se, Clark sought our review of the Dismissal Opinion and the Reconsideration Order. On June 29, 2015, we granted the COA as to the issues outlined above. In so doing, we confirmed that Clark had demonstrated both "that jurists of reason would find it debatable whether the [§ 2254] petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (announcing what must be shown to obtain COA under § 2253(c) where district court dismissed petition on procedural grounds).

The parties subsequently filed formal briefs — Clark through his appointed appellate counsel — which identify three primary issues for our consideration. First, the respondent, Harold Clarke, Director of the Virginia Department of Corrections (the "Commonwealth"), asserts that we lack appellate jurisdiction notwithstanding our grant of the COA, because the district court dismissed Clark's § 2254 petition without prejudice and thus did not issue an appealable final decision. Second, Clark contends that the district court erred in deeming

10

his ineffective assistance claim to be unexhausted, rather than simultaneously exhausted and procedurally defaulted. And third, Clark maintains that the court further erred by failing to take up the issue of whether his actual innocence excuses the procedural default, as well as expiration of the statute of limitations.

## II.

### A.

We first address the Commonwealth's theory that, although we granted the COA required by 28 U.S.C. § 2253(c), we lack jurisdiction over Clark's appeal. As the Commonwealth would have it, there is no final decision within the meaning of 28 U.S.C. § 1291 because the district court dismissed Clark's 28 U.S.C. § 2254 petition without prejudice. We disagree.

Section 1291 provides, in relevant part, that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Under our precedent, some dismissals without prejudice do not constitute appealable final decisions — but some do. That is, "a plaintiff may not appeal the dismissal of his complaint without prejudice unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case." See Domino Sugar Corp. v.

11

Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir. 1993) (alterations and internal quotation marks omitted).

Crucially, there is no amendment to Clark's § 2254 petition that could cure the defect identified by the district court, i.e., the failure to exhaust state remedies. To satisfy the district court, Clark would have to pursue his ineffective assistance claim in the Supreme Court of Virginia, not simply amend his § 2254 petition. Consequently, "the mere fact that the district court dismissed [the petition] without prejudice does not render the [decision] interlocutory and not subject to appeal." Cf. Domino Sugar Corp., 10 F.3d at 1067. Rather, "the district court essentially made a final ruling that [Clark] had to proceed [in the Supreme Court of Virginia] before seeking [federal] judicial relief." See id. (concluding that an order dismissing a complaint without prejudice for failure to exhaust contractual remedies through arbitration "qualifies as a final order subject to appeal"). We thus possess jurisdiction pursuant to both § 1291 and § 2253(c).

B.

Turning to Clark's contentions, we next consider whether the district court incorrectly viewed his ineffective assistance claim as unexhausted, rather than simultaneously exhausted and procedurally defaulted. Applying the de novo standard of

12

review, see Bostick v. Stevenson, 589 F.3d 160, 163 (4th Cir. 2009), we conclude that the court so erred.

As Clark has conceded, he failed to exhaust his ineffective assistance claim by presenting it to any state court, including the Supreme Court of Virginia. See Jones v. Sussex I State Prison, 591 F.3d 707, 712-13 (4th Cir. 2010) (explaining that, to exhaust state remedies, a "habeas petitioner must raise his claim before every available state court, including those courts — like the Supreme Court of Virginia — whose review is discretionary"). Moreover, it is undisputed that there are three barriers to Clark's future pursuit of the ineffective assistance claim by way of a state habeas petition: Virginia's statute of limitations, see Va. Code § 8.01-654(A)(2); its prohibition against successive petitions, id. § 8.01-654(B)(2); and its statute disqualifying a prisoner who pleaded guilty from obtaining a writ of actual innocence, id. § 19.2-327.10.

In these circumstances, Clark's ineffective assistance claim is properly treated not as unexhausted, but as simultaneously exhausted and procedurally defaulted. That is the lesson of the decision brought to the district court's attention by Clark, see Sparrow v. Director, Dep't of Corrections, 439 F. Supp. 2d 584 (E.D. Va. 2006), as well as the decisions of this Court and the Supreme Court on which Sparrow expressly relied, see Gray v. Netherland, 518 U.S. 152 (1996);

13

Baker v. Corcoran, 220 F.3d 276 (4th Cir. 2000). Those decisions explain that "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray, 518 U.S. at 161); see also Sparrow, 439 F. Supp. 2d at 587 (quoting same). The question then becomes whether there is an excuse for the petitioner's procedural default. See Gray, 518 U.S. at 162; Baker, 220 F.3d at 288; Sparrow, 439 F. Supp. 2d at 587.

Importantly, none of those decisions adopt or even suggest the rule applied by the district court: that to have a federal habeas claim treated as simultaneously exhausted and procedurally defaulted, the petitioner must have first presented some other habeas claims to the state's highest court. There is no apparent justification for such a rule, and the Commonwealth does not attempt to provide one, despite closing its brief by asking us to affirm the district court's dismissal ruling. Meanwhile, the Commonwealth's brief elsewhere concedes that the district court at least "could have deemed [Clark's] ineffective counsel claim simultaneously exhausted and defaulted." See Br. of Resp't 10. We must go farther and say that the district court erred by not treating the ineffective assistance claim as exhausted but procedurally defaulted.

14

C.

Finally, then, we consider if the district court erred by failing to reach and adjudicate whether Clark's actual innocence excuses the procedural default, as well as any expiration of the statute of limitations. That issue is subject to our de novo review and requires vacatur of the district court's judgment. See Wolfe v. Johnson, 565 F.3d 140, 160, 164 (4th Cir. 2009).

In sum, as thoroughly explained by Clark in his pro se § 2254 petition and motion to reconsider the petition's dismissal, the Supreme Court has recognized that actual innocence serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, see Schlup v. Delo, 513 U.S. 298 (1995), or expiration of the statute of limitations, see McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). A § 2254 petitioner seeking to rely on Schlup (or McQuiggin) must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." See Schlup, 513 U.S. at 329. And that "petitioner is entitled to have [the] actual innocence issue addressed and disposed of in the district court." See Wolfe, 565 F.3d at 164.

Where, as here, the district court has not confronted the actual innocence issue, it is appropriate to vacate and remand for further proceedings, including a possible evidentiary

15

hearing.  See Wolfe, 565 F.3d at 163-70; see also, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998) (remanding Schlup issue that district court failed to address); cf. Teleguz v. Pearson, 689 F.3d 322, 330 (4th Cir. 2012) (remanding where district court ruled on actual innocence issue, but did not engage in "rigorous Schlup analysis required by Wolfe" or conduct evidentiary hearing).  The Commonwealth urges us to instead "simply find that [Clark's] claimed actual innocence is frivolous and dismiss the habeas petition."  See Br. of Resp't 13.  To be sure, Wolfe left open the question "of whether, in an appropriate [case], a Schlup actual innocence issue could be adjudicated in the first instance on appeal."  See 565 F.3d at 164 n.33.  This clearly is not such a case, however, in that Clark entered Alford pleas, put on a vigorous innocence defense at sentencing, and now has affidavits from one of his alleged victims and another eyewitness attesting that Clark did not commit the crimes of conviction.  Accordingly, the only suitable course is to vacate and remand.[2]

---

[2] To be clear, we agree with Clark that he "has raised an actual innocence claim that is, at the very least, colorable, and is certainly not frivolous."  See Reply Br. of Pet'r 17.  We therefore do not reach Clark's alternative contention that we cannot, in any event, do what the Commonwealth asks — direct the dismissal of the § 2254 petition with prejudice — because the Commonwealth did not note a cross-appeal.  See id. at 14 (contending that "[r]ules of practice dictate that in order for a court of appeals to modify a district court's judgment to make
(Continued)

16

III.

Pursuant to the foregoing, we vacate the judgment of the district court and remand for such other and further proceedings as may be appropriate.

<u>VACATED AND REMANDED</u>

---

it less favorable to an appellant, the appellee must have noted a cross-appeal of that judgment").