**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4819**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DUSTIN ALLEN CARTER,

        Defendant - Appellant.

---

**No. 13-4824**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RODERICK D. STEVENS,

        Defendant - Appellant.

---

**No. 13-4827**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAYVON BRYAN RILEY,

                    Defendant - Appellant.

––––––––––––

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:12-cr-00140-BO-3; 7:12-cr-00140-BO-2; 7:12-cr-00140-BO-1)

––––––––––––

Submitted:  July 25, 2014              Decided:  August 6, 2014

––––––––––––

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

––––––––––––

Affirmed in part; dismissed in part by unpublished per curiam opinion.

––––––––––––

Scott Brettschneider, Uniondale, New York; G. Ryan Willis, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina; James C. White, LAW OFFICES OF JAMES C. WHITE P.C., Chapel Hill, North Carolina, for Appellants.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Dustin Allen Carter, Dayvon Bryan Riley, and Roderick D. Stevens pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012). Riley and Stevens also pled guilty to additional related charges, including aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012). The district court sentenced Carter to 78 months' imprisonment, Riley to 156 months' imprisonment, and Stevens to 96 months' imprisonment.

On appeal, each of the Appellants objects to two sentencing enhancements applied by the district court. Carter additionally argues that the district court failed to address his sentencing objections and failed to explain its reasons for selecting the sentence that it did. Riley also argues that his plea was not knowingly made, that the district court violated Fed. R. Crim. P. 32(e)(2), (i)(1)(A), and that counsel was ineffective because he failed to object to the Rule 32 violation. Finally, Stevens argues that counsel was ineffective because he failed to object to certain sentencing enhancements.

Relying on the waiver of appellate rights in Riley's and Stevens' plea agreements, the Government urges the dismissal of their challenges to the sentencing enhancements and alleged Rule 32 violation. We affirm in part and dismiss in part.

3

We first address Carter's argument that the district court failed to resolve his objections to his sentence enhancements for a loss amount of at least $400,000 and the use of sophisticated means. See U.S. Sentencing Guidelines Manual §§ 2B1.1(b)(1)(H), (b)(10)(C) (2012).Carter failed to meet his burden of presentation for both enhancements at issue. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (discussing burden). It was undisputed that the Government had validated more than 800 credit card numbers used in the scheme and that these numbers were sufficient to support a loss amount of $400,000 or more. Although Carter urged the adoption of the "usability" standard adopted by the Ninth Circuit in United States v. Onyesoh, 674 F.3d 1157, 1159 (9th Cir. 2012), Carter produced no evidence or argument that any of the valid numbers were not useable. Carter also did not address the sophisticated means enhancement at sentencing, and the record supports its application. Therefore, the district court did not clearly err by adopting the Guidelines calculations of the presentence report summarily with regard to the challenged enhancements. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

We next address Carter's argument that the district court erred by failing to state its reasons for imposing the sentence that it chose. Carter did not request a below-

4

Guidelines sentence or otherwise object to the district court's explanation of his sentence. Therefore, we review this claim for plain error. United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011). Because the district court imposed the sentence that Carter requested, he cannot show that the court's failure to explain that sentence caused him substantial injury. Id.

Turning to Riley's arguments, he asserts that his guilty plea was not knowing and voluntary because he underestimated the sentencing range. Riley's plea agreement acknowledged that he could not rely on any estimate of his sentence within the statutory range. Such uncertainty does not prevent a guilty plea from being knowingly made. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Therefore, Riley's failure to correctly estimate his Guidelines range did not affect the validity of his plea.

Riley's and Stevens' remaining claims, except for their claims of ineffective assistance of counsel, are barred by their appeal waivers. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Davis, 629 F.3d 349, 354-55 (4th Cir. 2012). Generally, if the district court questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is valid and enforceable.

United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013).

Upon de novo review, see United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (stating standard of review), we conclude that Riley and Stevens knowingly and voluntarily waived the right to appeal any sentence not in excess of the applicable Guidelines range on any basis except ineffective assistance of counsel or prosecutorial misconduct unknown at the time of the plea. The record also reveals that the district court fully questioned the defendants regarding the appeal waivers at the Fed. R. Crim. P. 11 hearings. Therefore, the waivers are valid, and Riley and Stevens are barred from challenging the determination of their sentences.

Finally, we decline to reach Riley's and Stevens' claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude

6

that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, with respect to Carter's appeal, we affirm the district court's judgment. We also affirm the validity of Riley's guilty plea, dismiss Riley's and Stevens' sentencing claims based upon the waiver of appellate rights in the plea agreements, and decline to review Riley's and Stevens' claims of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART