PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7040

JEROME STEVEN GORDON,

Petitioner – Appellant,

v.

DANIEL BRAXTON, Warden,

Respondent – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:12-cv-00834-LO-TRJ)

Argued: December 9, 2014          Decided: March 3, 2015

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Reversed and remanded by published opinion. Judge Diaz wrote the opinion, in which Judge Niemeyer and Judge Wynn joined.

**ARGUED**: Christopher Ryan Ford, MAYER BROWN, LLP, Washington, D.C., for Appellant. Donald Eldridge Jeffrey, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF**: Mark R. Herring, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

DIAZ, Circuit Judge:

We granted a certificate of appealability in this case to consider the district court's dismissal of Jerome Steven Gordon's petition for a writ of habeas corpus. Gordon alleges that his trial counsel was ineffective for failing to file a notice of appeal when instructed to do so and for not consulting with him about an appeal. We hold that (1) Gordon properly exhausted his state remedies; (2) the state court did not adjudicate Gordon's claim on the merits; (3) the district court consequently owed no deference to the state court's denial of Gordon's petition; and (4) the district court applied the wrong standard in deciding whether to hold an evidentiary hearing. We therefore reverse and remand.

I.

In 2009, Gordon pleaded no contest in a Virginia circuit court to one count each of carnal knowledge and soliciting the production of child pornography, pursuant to a plea agreement that did not include a waiver of appellate or post-conviction rights. The court sentenced him to thirty-five years in prison with eight years suspended. Mufeed W. Said represented Gordon at the plea and sentencing hearings. Gordon did not timely file a direct appeal.

Gordon did, however, pursue collateral relief. In state court, he filed a pro se habeas corpus petition alleging ineffective assistance of counsel at his sentencing hearing. While his petition was pending, Gordon moved for leave to amend, seeking to add another ineffective-assistance-of-counsel claim, this one alleging that his attorney failed to file an appeal when asked to do so and that Gordon wrote to Said "asking for an appeal, but never got any response."[1] J.A. 71. He requested an evidentiary hearing and appointment of counsel. Gordon later filed a motion to supplement his petition with additional supporting facts, including that he asked Said "about a possible appeal." J.A. 86.

The warden moved to dismiss the petition and attached an affidavit from Said. Gordon opposed the motion and again moved for leave to amend. To these filings he attached a sworn "Affidavit." The state court granted Gordon's various motions for leave to amend but denied Gordon's request for counsel and, without an evidentiary hearing, dismissed Gordon's petition.

All told, Gordon's petition raised six claims. The state court concluded on the first five--all related to counsel's performance at the sentencing hearing--that Gordon failed to

---

[1] Gordon also filed a pro se motion for a delayed appeal with the Court of Appeals of Virginia, which denied the motion.

show deficient performance and prejudice. On the sixth claim, the court found that Gordon had not shown deficient performance because Gordon had merely inquired about an appeal, not directly requested one. The state court addressed counsel's duty to file an appeal when directed to do so, but said nothing about counsel's duty to consult. The Supreme Court of Virginia denied Gordon's petition for appeal.

Gordon then filed a pro se habeas corpus petition in the district court. Without an evidentiary hearing, the court dismissed Gordon's petition based on the state court's reasoning. Gordon appealed, and we granted a certificate of appealability to consider "whether, in light of Roe v. Flores-Ortega, 528 U.S. 470 (2000), and United States v. Cooper, 617 F.3d 307 (4th Cir. 2010), counsel was ineffective for not filing a notice of appeal." Order, Gordon v. Braxton, No. 13-7040 (4th Cir. Feb. 7, 2014).

Our review of the district court's dismissal of Gordon's habeas petition is de novo. Teleguz v. Pearson, 689 F.3d 322, 327 (4th Cir. 2012).


II.

To prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that

4

counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Gordon's claim implicates two related duties entrusted to criminal defense attorneys. First, counsel must file a notice of appeal when instructed by her client to do so. Flores-Ortega, 528 U.S. at 477. Second, even if the client does not expressly request an appeal, counsel must consult with her client about an appeal when a rational defendant would want to appeal or her client expresses an interest in appealing. Cooper, 617 F.3d at 313. Dereliction in either duty constitutes deficient performance. See Flores-Ortega, 528 U.S. at 477, 480; Cooper, 617 F.3d at 313. A defendant establishes prejudice when he demonstrates a reasonable probability that he would have filed an appeal "but for" counsel's failure to file or consult. Flores-Ortega, 528 U.S. at 484. The defendant need not show that his appeal has merit. Id. at 486.

A.

We begin with the warden's argument that Gordon did not exhaust his state remedies. The warden does not dispute that Gordon properly alleged that Said failed to file a notice of appeal. But, according to the warden, Gordon did not exhaust his contention that Said failed to consult with him about an appeal because Gordon did not identify it as a separate claim. We disagree.

5

State prisoners like Gordon must exhaust their state remedies before filing a habeas petition in federal court. 28 U.S.C. § 2254(b). The purpose of the exhaustion requirement is to "giv[e] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).

A habeas petitioner meets the exhaustion requirement by "'fairly present[ing]' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Reese, 541 U.S. at 29 (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). To satisfy his burden, the petitioner must show that "both the operative facts and the controlling legal principles [were] presented to the state court." Jones, 591 F.3d at 713 (alteration omitted) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).

We hold that Gordon fairly presented the failure-to-consult issue in state court. In its decision granting the warden's motion to dismiss, the state court determined that Gordon's petition raised the issue of counsel's duty to file a notice of appeal, but found that Gordon never expressly requested an appeal. Rather, said the court, Gordon "merely 'asked [counsel] is there anything else we can do from this point . . . .'" J.A. 126 (alterations in original) (quoting Gordon's affidavit). But

6

by inquiring about what could be done after being sentenced, Gordon was indicating his interest in appealing which, at a minimum, triggered counsel's separate duty to consult. The state court, however, said nothing at all about this aspect of Said's performance.

In addition, the parties' filings before the state court referred to Strickland, Flores-Ortega, and Miles v. Sheriff, 581 S.E.2d 191 (Va. 2003). As noted earlier, Strickland provides the familiar test for a federal Sixth Amendment ineffective-assistance-of-counsel claim. 466 U.S. at 687-88. Flores-Ortega discusses both the duty to consult and the duty to file as falling along a "spectrum." 528 U.S. at 477. And in Miles, the Supreme Court of Virginia discusses Strickland and Flores-Ortega in detail and mentions both the duty to consult and the duty to file. 581 S.E.2d at 194. This is not unusual, as courts often address both the duty to consult and duty to file when petitioners allege that they were denied their right to appeal because of counsel's ineffective assistance.

For example, in United States v. Poindexter, the petitioner alleged that "his attorney rendered constitutionally ineffective assistance when he failed to file a timely notice of appeal after being unequivocally instructed to do so." 492 F.3d 263, 265 (4th Cir. 2007). We remanded for an evidentiary hearing and directed the district court to first "determine whether

7

Poindexter unequivocally instructed his attorney to file a notice of appeal," and, if not, "determine if Poindexter met his burden" on a failure-to-consult theory. Id. at 273; see also, e.g., Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (finding no clear error in the district court's decision to credit counsel's testimony that his client did not expressly request an appeal and then discussing counsel's duty to consult); Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005) (finding the pleadings unclear as to whether the petitioner expressly requested an appeal but concluding that the pleadings, if true, supported counsel having a duty to consult); United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (declining to decide whether the petitioner expressly requested an appeal because the record showed that, at a minimum, the petitioner expressed an interest in appealing that triggered counsel's duty to consult).

Thus, on these facts, we reject the warden's contention that Gordon failed to present his failure-to-consult theory and hold, instead, that Gordon exhausted his state remedies.[2]

---

[2] The warden also contends that Gordon did not raise his failure-to-consult argument in the district court. But if anything, Gordon made this argument more directly in the federal forum. In his filings in the district court, he wrote that he "expressly communicated to his attorney his desire to appeal" and cited Poindexter, 492 F.3d 263, for three propositions: "1. his attorney had a duty to consult under Flores-Ortega; 2. his (Continued)

8

We next consider what standard of review applies to the state court's dismissal of Gordon's petition. The district court looked to the highly deferential standard in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We review this choice de novo. Winston v. Kelly (Winston I), 592 F.3d 535, 544 (4th Cir. 2010).

Section 2254(d) prohibits federal courts from granting a state prisoner's habeas petition unless the state court's decision to deny the petition (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, the state court's decision must qualify as an "adjudicat[ion] on the merits" to trigger AEDPA deference. Id. If it does not so qualify, review in the federal courts is de

---

attorney failed to fulfill his consultation obligations; 3. he was prejudiced by his attorney's failure to fulfill these obligations." J.A. 183 (underline added). Gordon also wrote, verbatim, "On October 20, 2009, Mr. Gordon asks Mr. Said about challenging, his conviction(s) and or sentence during a [meeting in the holding cell] after being sentence. . . . Two weeks later, Gordon wrote to his lawyer, informing his attorney that he 'wanted to appeal' his conviction(s) and or sentence." Id. (ellipsis added). Accordingly, Gordon preserved this issue for our review.

novo. Winston v. Pearson (Winston II), 683 F.3d 489, 499 (4th Cir. 2012).

A claim is not "adjudicated on the merits" when the state court makes its decision "on a materially incomplete record." Winston I, 592 F.3d at 555. A record may be materially incomplete "when a state court unreasonably refuses to permit 'further development of the facts' of a claim." Winston II, 683 F.3d at 496 (quoting Winston I, 592 F.3d at 555). In this circumstance, we do not offend the principles of "comity, finality, and federalism" that animate AEDPA deference because the state court has "passed on the opportunity to adjudicate [the] claim on a complete record." Winston I, 592 F.3d at 555, 557.

We hold that the state court did not adjudicate Gordon's claim on the merits because it (1) unreasonably truncated further factual development on Gordon's contention that Said failed to file an appeal and (2) said nothing at all about Gordon's assertion that Said failed to consult with him. Specifically, the state court considered only Gordon's formally titled "Affidavit" in determining that no conflict existed between Gordon's and Said's accounts. As we discussed above, the state court found that Gordon's "own affidavit indicates that he merely 'asked [counsel] is there anything else we can do from this point . . . .'" J.A. 126 (alterations in original).

10

Gordon's argument, however, rests on allegations made throughout his filings, asserting that he in fact asked Said (orally and in writing) to pursue an appeal. The warden counters that we should accord no weight to these allegations because they are "unsworn." We disagree.

Virginia requires habeas petitioners to use a form, the contents of which are produced in the Code. Va. Code Ann. § 8.01-655 (2014). If the petitioner does not substantially comply with the form, the court is "entitle[d] . . . to return such petition to the prisoner pending the use of and substantial compliance with such form." § 8.01-655(A). Among other requirements, the form must be verified before a notary or other officer authorized to administer oaths. § 8.01-655(B).

Gordon signed his petition attesting that the facts therein were true to the best of his information and belief, but he was not sworn. Nonetheless, the state court did not return Gordon's petition to him because of this defect, nor did it refuse to consider the allegations in the petition because they were unsworn.

Moreover, Gordon was pro se, and Virginia courts in habeas corpus proceedings "do not expect or require high standards of legal draftsmanship of petitioners filing petitions pro se." Strickland v. Dunn, 244 S.E.2d 764, 767 (Va. 1978). We therefore think it proper to consider both Gordon's affidavit

11

and his unsworn petition in determining whether the state court adjudicated Gordon's claim on the merits.

The record in this case sets up a classic factual dispute. Gordon alleged that he asked Said to file an appeal shortly after sentencing and again later in writing. As to the former, Gordon alleged in his petition that he had a conversation with Said "right after the sentencing hearing was completed, requesting an appeal." J.A. 105. And in his affidavit, Gordon asserted: "After sentencing I spoke briefly with Mr. Said about the time, I just receive[d]. I asked Mr. Said is there anything else we can do from this point and Mr. Said just simply shook his head in a no position." J.A. 111.

Although in his affidavit Said insisted that Gordon never expressly requested an appeal, a letter Said sent to the Virginia State Bar (attached to his affidavit) suggests that Said had some communication with Gordon or his family about an appeal. Specifically, the letter stated that "[a]fter sentencing[,] Mr. Gordon and his family contacted me regarding post-conviction motions. I indicated to them very clearly that I had not been retained to do post[-]conviction motions or appeals." J.A. 95 (emphasis added).

Gordon also alleged that he sent Said a letter in which he told Said that he "wanted to have an appeal filed concerning his case." J.A. 109, 114. In his affidavit, Gordon further

12

described that letter: "About two weeks later [after sentencing], I wrote to Mr. Said explain[in]g the discomfort in the time I receive[d] and asking him are you sure there isn't anything that you can do and if you want more money, I will pay you. I never got any response back from Mr. Said." J.A. 111.

Said, in his affidavit, denied receiving such a letter and attached two November 2009 letters from Gordon requesting that Said send Gordon a number of documents. But Gordon was adamant that a different letter, not in the record, was the one where he requested an appeal. To support this contention, Gordon submitted a billing invoice from Said that referenced "[r]eview of 13 letters sent to Office by Mr. Gordon." J.A. 119.

Rather than hold an evidentiary hearing to develop the record and resolve this credibility contest, the state court focused on one line in Gordon's affidavit, while ignoring Gordon's allegations in his papers that he asked Said to file an appeal. In any event, at a minimum, Gordon's affidavit clearly implicated Said's duty to consult, which the state court did not address at all. And Said's response that he had not been retained for post-conviction motions or appeals would be, by itself, insufficient to discharge this duty. See Flores-Ortega, 528 U.S. at 478 (defining "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes").

13

As a result, the state court did not adjudicate Gordon's claim on the merits, and the district court owed no deference to the state court's ruling.

C.

Having held that the district court should have reviewed the state court's decision de novo, we turn to the district court's denial of an evidentiary hearing. We review this ruling for abuse of discretion. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006). Because the district court did not hold an evidentiary hearing, "we must evaluate the petition under the standards governing motions to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, we are obliged to accept a petitioner's well-pleaded allegations as true, and we are to draw all reasonable inferences therefrom in the petitioner's favor." Id. (citation omitted).

AEDPA Section 2254(e)(2) restricts a federal court's ability to hold an evidentiary hearing, but those restrictions apply only when the habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings." This failure occurs when a state prisoner does not act diligently to develop the record in state court. Williams v. Taylor, 529 U.S. 420, 437 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id.

14

The district court did not reach Section 2254(e)(2)'s requirements because it summarily denied Gordon's request for an evidentiary hearing with a citation to Cullen v. Pinholster, 131 S. Ct. 1388 (2011). Gordon v. Braxton, No. 1:12cv834, 2013 WL 2047818, at *8 (E.D. Va. May 14, 2013). Pinholster held that a Section 2254(d)(1) determination (that the state court's decision was contrary to, or an unreasonable application of, the Supreme Court's clearly established federal law) must be made on the basis of the record before the state court. 131 S. Ct. at 1398.

However, as discussed above, Section 2254(d)(1) does not apply to Gordon's claim because the state court did not adjudicate it on the merits. Pinholster did not substantively engage with the adjudication-on-the-merits requirement; it included nothing more than "the terse acknowledgement that the habeas petitioner's claims had been adjudicated on the merits in state-court proceedings." Winston II, 683 F.3d at 501. Therefore, Pinholster does not foreclose an evidentiary hearing.

In effect, the district court's error in applying AEDPA deference led it to conclude mistakenly that it had no discretion to grant a hearing. We therefore think it proper to remand for the district court to exercise its discretion in the first instance on this question.

15

III.

For the reasons given, we reverse the district court's dismissal of Gordon's petition and remand for further proceedings.

<u>REVERSED AND REMANDED</u>