**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6802**

SCOTT KENT,

Petitioner - Appellant,

v.

MR. KUPLINSKI, Superintendent of VPRJ,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:15-cv-01717-CMH-IDD)

Submitted:  July 20, 2017                                Decided:  August 11, 2017

Before GREGORY, Chief Judge, and TRAXLER and THACKER, Circuit Judges.

Vacated in part and remanded; affirmed in part as modified; dismissed in part by unpublished per curiam opinion.

Scott Kent, Appellant Pro Se.  John Chadwick Johnson, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Kent filed a 28 U.S.C. § 2254 (2012) petition alleging, among other claims, that the evidence was insufficient to support his convictions in Virginia state court for extortion and obstruction of justice. Kent noted an appeal from the district court's order dismissing his § 2254 petition without prejudice for failure to exhaust his claims in state court. In his opening brief, Kent maintained he exhausted his state remedies as to his challenge to the sufficiency of the evidence supporting his convictions by presenting it to the Supreme Court of Virginia (SCV) on direct appeal and asserted additional claims presented in his § 2254 petition. We later granted a certificate of appealability on the following issue: whether reasonable jurists would find debatable the district court's finding that Kent failed to exhaust his state remedies with respect to his challenge to the sufficiency of the evidence as presented in his opening brief. We also directed Respondent to file a response addressing the issue on which the certificate was granted. In response, Respondent filed a brief arguing that Kent's evidentiary insufficiency challenge is unexhausted because Kent never presented it in a state habeas corpus petition complying with Virginia law. Kent later filed a brief in reply. In it, Kent reiterates his argument raised in his opening brief that his evidentiary insufficiency challenge is exhausted and urges this court to hear and consider the remainder of his § 2254 claims. Kent also attached to this brief, among other items, a copy of the opinion of the Court of Appeals of Virginia (CAVA) denying his direct appeal petition.

Once a certificate of appealability has been granted, this court "review[s] . . . the district court's dismissal of [a] habeas petition . . . de novo." *Gordon v. Braxton*,

780 F.3d 196, 200 (4th Cir. 2015). To provide state courts with the first opportunity to consider constitutional challenges to a state prisoner's criminal convictions, the prisoner must exhaust all available state remedies with respect to a claim before raising that claim in a federal habeas petition. 28 U.S.C. § 2254(b)(1); *Gordon*, 780 F.3d at 200-01. "The habeas petitioner must raise his claim before every available state court, including those courts—like the [SCV]—whose review is discretionary." *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010). Specifically, the petitioner must present to the state court "the substance of his federal habeas corpus claim," which "requires that the claim be presented face-up and squarely." *Pethtel v. Ballard*, 617 F.3d 299, 306 (4th Cir. 2010) (internal quotation marks omitted). In Virginia, a petitioner must present the same factual and legal claims raised in his § 2254 petition to the SCV either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition. *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

The record in this case clearly discloses that Kent filed a direct appeal in which he challenged the sufficiency of the evidence supporting his convictions and that this challenge was presented on direct appeal to the SCV. In his § 2254 petition and on appeal, Kent urges that the evidence is insufficient to support his convictions based on the prosecution's failure to show he sent the underlying text messages and that this challenge is exhausted. Nevertheless, it appears from the opinion of the CAVA appended to Kent's reply brief that Kent's evidentiary insufficiency challenge to his obstruction convictions was barred by Va. Sup. Ct. Rule 5A:18 because he did not present the

3

challenge in the trial court. Rule 5A:18 is "virtually identical" to SCV Rule 5:25, *Jimenez v. Commonwealth*, 402 S.E.2d 678, 680 (Va. 1991), and "what is said in application to one applies to the other." *Perez v. Commonwealth*, 580 S.E.2d 507, 513 n.7 (Va. 2003) (Agee, J., concurring). Rule 5:25 constitutes "an independent and adequate state procedural bar precluding [habeas] review of errors [not raised] at trial." *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999). Where a state court clearly and expressly bases its dismissal of a habeas claim on a state procedural rule[*] and that rule provides an independent and adequate ground for dismissal, the petitioner will have procedurally defaulted on that habeas claim. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). In the case of procedural default, review of the claim is barred unless the petitioner can demonstrate cause for it and actual prejudice as a result of the alleged violation of federal law or that failure to consider the claim will result in a fundamental miscarriage of justice. *Wilson v. Ozmint*, 352 F.3d 847, 868 (4th Cir. 2003). We conclude after review of the record, Kent's briefs, and the attachments thereto that Kent's procedural default of his evidentiary insufficiency challenge to his obstruction convictions is not excused.

Accordingly, because the district court erred in dismissing for failure to exhaust state remedies Kent's evidentiary insufficiency challenge to his extortion convictions, we grant leave to proceed in forma papueris, vacate the district court's judgment in part, and

---

[*] Reliance on Rule 5A:18 as the basis for rejecting this aspect of the evidentiary insufficiency challenge is imputed to the SCV, which denied Kent's direct appeal petition without explanation. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

4

remand for further proceedings. Additionally, given that it is now clear in light of Kent's supplementation of the record that the district court erred in dismissing his evidentiary insufficiency challenge to his obstruction convictions without prejudice for lack of exhaustion, we modify the judgment to reflect dismissal of his challenge as procedurally defaulted and affirm the dismissal as modified. *See* 28 U.S.C. § 2106 (2012); *MM ex rel. DM v. Sch. Dist. of Greenville Cty.*, 303 F.3d 523, 536 (4th Cir. 2002); *George v. Angelone*, 100 F.3d 353, 364-65 (4th Cir. 1996).

With respect to Kent's remaining claims, the district court's dismissal decision may not be appealed in the absence of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We conclude after review of the record, Kent's briefs, and the attachments thereto that Kent fails to make the required showing.

Accordingly, we deny a certificate of appealability as to all remaining issues. We also deny Kent's motion to appoint counsel and dismiss the appeal in part.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED IN PART AND REMANDED;
AFFIRMED IN PART AS MODIFIED;
DISMISSED IN PART