**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6910

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAYVON BRYAN RILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:12-cr-00140-BO-1; 7:14-cv-00240-BO)

Submitted:  June 29, 2018                    Decided:  July 13, 2018

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Seth Morgan Wood, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dayvon Bryan Riley appeals the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion, but granting a certificate of appealability as to Riley's allegations that he is actually innocent of his conviction for aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1) (2012). Riley, relying on *Flores-Figueroa v. United States*, 556 U.S. 646, 657 (2009) (holding § 1028A(a)(1) requires proof "that the defendant knew that the means of identification at issue belonged to another person"), contends that the Government proffered an insufficient factual basis relating to § 1028A(a)(1)'s knowledge requirement. He therefore claims that he is actually innocent of this charge, and that plea counsel rendered ineffective assistance by not presenting this issue to the district court. For the reasons that follow, we affirm.

In 2013, Riley pleaded guilty to aggravated identity theft, among other charges, and was sentenced to 156 months' imprisonment. On direct appeal, we affirmed the validity of Riley's guilty plea and dismissed his sentencing claims based on the appeal waiver contained in his written plea agreement. *United States v. Riley*, 581 F. App'x 206 (4th Cir. 2014). In his pro se § 2255 motion, Riley alleged that his plea counsel was ineffective for failing to challenge the factual basis supporting his aggravated identity theft conviction. Following the Government's motion to dismiss, the district court appointed counsel to help develop Riley's ineffective assistance claim. Counsel, however, responded to the Government's motion by claiming that Riley was actually innocent of aggravated identity theft. The district court erroneously determined that Riley's ineffective assistance claim was procedurally defaulted, *see Massaro v. United*

2

*States*, 538 U.S. 500, 503 (2003) ("[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal."), and concluded that, because Riley failed to establish his actual innocence, the purported default could not be overcome. Nevertheless, the court granted a COA on Riley's allegations of actual innocence.

At the outset, we acknowledge that the COA is somewhat ambiguous as to whether it is meant to cover only Riley's actual innocence claim, or whether it is intended to cover Riley's ineffective assistance claim as well. Viewing the COA in the context of the district court's order, we conclude that the COA is broad enough to cover both claims.[*] Once a COA has been granted, we review the district court's denial of habeas relief de novo. *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015)

"To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* Here, Riley contests the sufficiency of the factual basis, but does not colorably assert that he is, in fact, innocent of aggravated identity theft. Riley has therefore failed to demonstrate that no reasonable juror would have found him guilty beyond a reasonable doubt.

---

[*] Riley has not moved to expand the scope of the COA. *See* 4th Cir. R. 22(a)(2)(A).

To succeed on a claim of ineffective assistance of counsel, the movant bears the burden to show that counsel's performance was constitutionally deficient and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). To satisfy the performance prong, the movant must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id.* at 688. To satisfy the prejudice prong, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To establish prejudice in the guilty plea context, the movant "must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Christian v. Ballard*, 792 F.3d 427, 443-44 (4th Cir. 2015) (internal quotation marks omitted).

At the time of Riley's Fed. R. Crim. P. 11 hearing, the only evidence supporting the disputed knowledge element of aggravated identity theft was Riley's admission, in his plea agreement, to a generic recitation of the elements of the offense. Putting aside the question of whether plea counsel should have objected to the factual basis, Riley has not shown a reasonable probability that he would have proceeded to trial had plea counsel alerted him to the possibly deficient factual basis. Indeed, in consideration for Riley pleading guilty, the Government dismissed two of the six counts charged in the indictment. Thus, in exchange for the opportunity to hold the Government to its burden of proof on the aggravated identity theft charge, Riley would have had to stand trial on the two dismissed counts, as well as the other three counts to which he pleaded guilty.

4

Because Riley offers no basis to conclude that he would have insisted on going to trial despite the substantial risk involved, he has failed to satisfy *Strickland*'s prejudice prong.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*