**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6349**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE MULLEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:14-cr-00587-PWG-1; 8:17-cv-00313-PWG)

Submitted:  August 23, 2018                          Decided:  September 5, 2018

Before NIEMEYER and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

Terrence Mullen, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Mullen appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The district court granted a certificate of appealability. We affirm the district court's order in part, vacate the order in part, and remand for an evidentiary hearing.

"We review *de novo* a district court's legal conclusions in denying a § 2255 motion," including "any mixed questions of law and fact addressed by the court as to whether the petitioner has established a valid Sixth Amendment ineffective assistance claim." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). In assessing a § 2255 motion to vacate, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, [a district] court shall . . . grant a prompt hearing thereon [and] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be considered "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). We review for abuse of discretion the district court's decision not to hold an evidentiary hearing to resolve an issue presented in a § 2255 motion. *Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Mullen's first claim is that counsel was ineffective in failing to fully investigate his mental health and to file a motion for a downward departure under U.S. Sentencing

2

Guidelines Manual §§ 4A1.3, p.s., 5H1.3, p.s., & 5K2.13, p.s. (2015) ("the sentencing claim"). To succeed on his ineffective assistance of counsel claim, Mullen must demonstrate that (1) his counsel's performance was constitutionally deficient and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). With respect to the performance prong, we must "apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). Mullen bears the burden "to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (internal quotation marks omitted). To demonstrate prejudice, Mullen must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We conclude that the district court correctly determined that Mullen failed to demonstrate prejudice. Accordingly, we affirm the district court's disposition of the sentencing claim for the reasons stated by the district court. *United States v. Mullen*, Nos. 8:14-cr-00587-PWG-1; 8:17-cv-00313-PWG (D. Md. Jan. 23, 2018).

Mullen also claims that counsel had a conflict of interest because of a fee dispute ("the conflict claim").[*] To establish a claim of ineffective assistance based upon a

---

[*] In addition, Mullen raises two claims for the first time on appeal: that counsel was ineffective in failing to request a competency hearing and that the district court erred in calculating his criminal history. Because Mullen did not raise these claims in the (Continued)

3

conflict of interest, a movant must show that: (1) counsel labored under an "actual conflict of interest" and (2) the conflict adversely affected counsel's performance. *United States v. Dehlinger*, 740 F.3d 315, 322 (4th Cir. 2014) (internal quotation marks omitted). "These requirements are often intertwined." *United States v. Stitt*, 552 F.3d 345, 350 (4th Cir. 2008) (internal quotation marks omitted). If the movant satisfies this showing, "prejudice is presumed and nothing more is required for relief." *United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2010).

"Although a defendant's failure to pay fees may cause some divisiveness between attorney and client, courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client." *Caderno v. United States*, 256 F.3d 1213, 1219 (11th Cir. 2001) (internal quotation marks omitted). Here, however, we conclude that the district court correctly determined, on the record before it, that the fee dispute in this case rose to the level of an actual conflict. *See Stitt*, 552 F.3d at 351.

To establish that this conflict of interest adversely affected counsel's performance, Mullen must satisfy, by a preponderance of the evidence, a three-part standard. *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (en banc); *see also Nicholson*, 611 F.3d at 197 (applying *Mickens* in § 2255 proceeding). First, Mullen "must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued."

---

district court, he has forfeited appellate review of these issues. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).

*Mickens*, 240 F.3d at 361. Second, Mullen "must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision." *Id.* In order to satisfy the second prong, Mullen "must show that the alternative strategy or tactic was clearly suggested by the circumstances." *Id.* (internal quotation marks omitted). Finally, Mullen "must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Id.*

The district court concluded that Mullen satisfied the first and third part of this test, but that he failed to satisfy the second prong. However, we are constrained to conclude that the record before us fails to conclusively show that Mullen is not entitled to relief on this claim. The district court recognized that counsel was aware of Mullen's bipolar disorder and used that information to argue for a lower sentence. The court concluded that a psychological evaluation would have been cumulative. This analysis, however, focuses on the prejudice Mullen suffered from counsel's failure to assist Mullen in obtaining an evaluation, rather than on what was objectively reasonable at the time counsel refused to assist Mullen in obtaining the evaluation. When counsel first refused to assist Mullen in securing an evaluation, counsel could not be certain that the district court would consider Mullen's disorder to the degree that it did at sentencing. Moreover, the text messages that Mullen attached to his motion, unrefuted by the Government, indicate that counsel had not even reviewed the presentence report with Mullen when Mullen first requested a psychological evaluation. Additionally, Mullen asked counsel to secure the evaluation before counsel obtained a continuance because of a death in

5

counsel's family, and counsel did not request a continuance for Mullen to be evaluated until the day before the rescheduled sentencing hearing—a request that the district court denied. Furthermore, counsel's argument at sentencing focused primarily on Mullen's bipolar disorder, suggesting that he recognized that this was the best argument to present at sentencing. Thus, the record reveals no objective reason for not assisting Mullen in securing a psychological evaluation or for not requesting a continuance to obtain an evaluation at an earlier date.

Additionally, we conclude that the current record does not conclusively show that obtaining an evaluation was not clearly suggested by the circumstances. The PSR placed counsel on notice that Mullen's mental health might need to be explored in detail. Counsel admitted at sentencing that he had a difficult relationship with Mullen and that he thought this might have been because of Mullen's mental health. These facts suggest that counsel should have secured an evaluation. However, we recognize that the text messages contained in the record, while disconcerting, may not present a complete picture. Counsel alluded to Mullen lying to him, but the record does not clarify what this lie may have been. There well may be reasons, based on counsel's relationship with Mullen, that prompted counsel to believe that an evaluation was not necessary, but the record does not allow us to make this determination at this time. Thus, because the record does not conclusively show that Mullen is not entitled to relief, *see* 28 U.S.C. § 2255(b), we conclude that an evidentiary hearing is necessary to resolve the conflict claim.

6

Accordingly, we affirm the district court's disposition of the sentencing claim, vacate the court's disposition of the conflict claim, and remand with instructions to conduct an evidentiary hearing on the conflict claim. In so doing, we offer no view as to the proper resolution of the conflict claim, leaving that determination to the district court in the first instance. We further grant Mullen leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*