**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7169**

FRANK GAINEY, a/k/a Farrakhan Bey,

      Petitioner - Appellant,

    v.

ERIK A. HOOKS; DAVID MILLIS,

      Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-hc-02147-D)

Submitted: December 30, 2019                Decided: January 9, 2020

Before KEENAN, THACKER, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Frank Gainey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Gainey seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2018) petition for failure to exhaust state remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Before presenting a claim in federal court, a § 2254 petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015). "A habeas petitioner meets the exhaustion requirement by fairly presenting his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim." *Id.* at 201 (alterations and internal quotation marks omitted). "To satisfy his burden, the petitioner must show that both the operative facts and the controlling legal principles were presented to the state court." *Id.* (alterations and internal quotation marks omitted). The habeas petitioner bears the burden of proving exhaustion. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

2

Limiting our review of the record to the issues raised in Gainey's informal brief, we conclude that Gainey has not made the requisite showing. *See* 4th Cir. Rule 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Gainey appears to argue that he filed a motion for appropriate relief in state court, but that court has repeatedly delayed or rescheduled any hearing on that motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that courts must construe pro se documents liberally). As such, he does not appear to argue (1) that the lower state court has issued a final ruling on that motion, (2) that he has attempted to appeal that court's decision by petitioning for a writ of certiorari, or (3) that his claim should be considered exhausted without such appeal. Therefore, Gainey has failed to establish that the district court's dispositive procedural ruling is debatable or wrong.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*