**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6006**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

PHI VAN NGUYEN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:15-cr-00350-LMB-1; 1:17-cv-00697-LMB)

Submitted: December 19, 2019               Decided: January 14, 2020

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Phi Van Nguyen, Appellant Pro Se. James L. Trump, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phi Van Nguyen sought to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. He claimed that his trial counsel was ineffective in several ways. We granted a partial certificate of appealability as to whether the district court erred in denying relief, without conducting an evidentiary hearing, on Nguyen's claim that trial counsel erred by failing to file a notice of appeal after being asked to do so. The Government concedes that an evidentiary hearing was necessary. We agree.

"We review *de novo* a district court's legal conclusions in denying a § 2255 motion," *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016), and review for an abuse of discretion a district court's decision not to hold an evidentiary hearing in a postconviction proceeding, *Gordon v. Braxton*, 780 F.3d 196, 204 (4th Cir. 2015). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255(b). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be considered "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

Where the factual allegations in a § 2255 motion "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light, and where the ultimate resolution rests on a credibility determination, an evidentiary hearing is especially warranted." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004)

2

(alterations, citations, and internal quotation marks omitted); *United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000).

Here, Nguyen, in his sworn § 2255 motion, asserted that counsel failed to file a notice of appeal after being asked to do so. Counsel, in his affidavit,[*] acknowledged that he did not file a notice of appeal but stated that he had no recollection of being asked to do so. The district court, without conducting an evidentiary hearing, denied relief. We conclude that the court erred in deciding this issue on pleadings alone, crediting trial counsel's statements in the face of Nguyen's verified § 2255 motion. *See* § 2255(b); *Poindexter*, 492 F.3d at 267; *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("[S]ummary judgment cannot be used to resolve swearing contests between litigants.").

We therefore vacate the district court's order as it pertains to Nguyen's claim of ineffective assistance of counsel regarding the failure to file a notice of appeal and remand for the district court to conduct an evidentiary hearing. We express no opinion on the ultimate disposition of that claim. As to the claims on which we previously denied a certificate of appealability, we dismiss that portion of the appeal. We dispense with oral

---

[*] Although Nguyen's counsel's filing purports to be an affidavit, he did not sign it, it contains no statement that he submitted it under penalty of perjury, and it contains no indication that it was sworn before a notary.

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART, AND REMANDED*

4